**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IAN CRICK, on behalf of himself and all )
other similarly situated persons, known and )
unknown, )
                        )
        Plaintiff, )                No. 11 C 1466
                        )
        v. )               The Honorable William J. Hibbler
                        )
SHIRE PHARMACEUTICALS, )
                        )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

    Plaintiff Ian Crick brings claims for overtime pay on behalf of a purported class against his former employer, Defendant Shire, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Shire now moves to dismiss or, in the alternative, to transfer or stay the litigation. For the following reasons, the Court finds that this is an improper venue and grants Shire's motion to transfer.

## I.    Standard of review

    Shire brings its motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. The Plaintiff bears the burden of establishing that venue is proper. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). However, in ruling on such a motion, the Court takes all allegations in the Complaint as true unless contradicted by Defendants' affidavits. *Id.* The Court must also resolve all factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Id.* The Court may examine facts outside the complaint. *Id.*

1

Rule 12(b)(3) does provide for a motion based on the defense of improper venue. However, the Court need not necessarily dismiss a case when a party succeeds under Rule 12(b)(3). The Court may transfer the case to a district court that provides a proper venue "if it be in the interest of justice." 28 U.S.C. § 1406(a).

## II.     Factual background

There are only a few relevant facts alleged in the complaint, which the Court takes as true because they are undisputed. Crick is a former employee of Shire. Shire is a nationwide specialty biopharmaceutical company. Crick began working for Shire in California in May 2006. In 2009, he was transferred to work for the company in Chicago, where he worked until September 2010.

The parties set forth additional facts in their affidavits. The following facts from those affidavits are undisputed at this stage of the proceedings as well. Shire's principal place of business is in Pennsylvania. Shire's marketing and sales training management personnel are located there. All of Shire's pharmaceutical sales representatives, including Crick, must travel to Pennsylvania at least once for initial training for approximately two weeks. During his employ with Shire, Crick traveled to Pennsylvania a second time for additional training. Otherwise, while employed in Chicago, he performed all of his work in the Chicago area.

Before commencing employment with Shire, Crick entered into a "Confidentiality, Intellectual Property Assignment And Non-Competition Agreement" with Shire as a condition of his employment. That agreement contained the following language on its fourth and final page:

> This Agreement shall be governed by and construed pursuant to the laws of the Commonwealth of Pennsylvania. I agree that any action at law, suit in equity, or judicial proceeding relating to the validity, construction, interpretation, and enforcement of this Agreement, or any provision hereof or otherwise relating to my employment with the Company, shall be instituted and determined

2

> exclusively in the Court of Common Pleas for Chester, [sic] County, Pennsylvania or the United States District Court of the Eastern District of Pennsylvania.

Crick makes some additional claims about that agreement that are not necessarily admitted by Shire, but are not clearly disputed either. Because the Court makes reasonable inferences in the plaintiff's favor on a Rule 12(b)(3) motion, the Court assumes these facts are true as well. Crick claims that when he first began his employment with Shire, he was given a substantial amount of paperwork to review and/or sign. He was asked to sign everything that was presented to him. He was not given time to read the details of everything he was signing. Shire did not indicate to him, in any way other than through the terms of the agreement, that he was waiving any important rights, including his right to bring claims related to his employment to courts outside of Pennsylvania.

Crick still lives in Chicago with his wife and two young children. He was unemployed from September 2010, when he left Shire, until April 2011. His extended period of unemployment caused him severe financial hardship. In his current job, he works full-time Monday through Friday. He will only have about five to seven days of vacation this year.

## III. Analysis

Shire claims that this is an improper venue for this case because Crick signed an agreement that contained a forum-selection clause that required him to file any suits "related to his employment" in certain courts in Pennsylvania. A Rule 12(b)(3) motion to dismiss is a proper vehicle for challenging venue on the basis of a forum-selection clause. *Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 606-07 (7th Cir. 2003). There is no doubt that this suit is related to Crick's employment at Shire, nor do the parties dispute the proper interpretation of the forum-selection clause. Instead, Crick challenges the clause as unenforceable due to the

circumstances surrounding his execution of the agreement and certain circumstances in his life that make litigation in Pennsylvania difficult for him.

In order to determine whether Crick's argument is sufficient to invalidate the forum-selection clause, the Court must first determine what law applies. Crick posits, and the Court agrees, that Pennsylvania law should apply because the agreement contained the choice of law provision quoted above as well.[1] Forum-selection clauses are valid under Pennsylvania law, so long as enforcement would not be unreasonable. *Churchill Corp. v. Third Century, Inc.*, 578 A.2d 532, 536 (Pa. Super. Ct. 1990). Enforcement is unreasonable if, under all circumstances existing at the time of litigation, it would seriously impair plaintiff's ability to pursue the cause of action. *Id.* "Mere inconvenience or additional expense is not the test of unreasonableness if the plaintiff received under the contract consideration for its agreement to litigate in a specified forum." *Id.* "If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by its agreement." *Id.*

Crick provides two primary reasons that enforcement of the forum-selection clause would be unreasonable in this case. First, he notes the inconvenience of Pennsylvania courts for him given his limited financial resources and his family and work commitments. Second, he suggests that he should not be bound to the forum-selection clause given that the contract was a form contract, the clause was on the last page, it was not drawn to his attention, he did not negotiate

---

[1] The Seventh Circuit has not resolved the question of what law generally applies when determining the enforceability of a forum selection clause in a case where venue is challenged as improper. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.* 437 F.3d 606, 608-09 (7th Cir. 2006). The Court recognizes that the federal courts have "an independent interest in deciding which court in the system shall hear which cases." *Id.* at 608. Thus, the parties' private agreement on the issue might not always resolve the question. Nonetheless, the agreement at issue in *IFC Credit Corp.* apparently did not contain a choice of law provision. Thus, given that the question is generally unresolved, and that the Seventh Circuit has on other occasions essentially deferred to the parties' choice of law on this issue, *see Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d. 248, 251-52 (7th Cir. 1996), the Court will defer to the choice of law provision here. Moreover, because federal law is more strictly in favor of enforcing forum-selection clauses than Pennsylvania law, *compare IFC Credit Corp.*, 437 F.3d at 609-610, *with* the discussion of Pennsylvania law, *infra*, the result in this case would be the same under federal law.

4

for it, and he was not given much time to review the contract. Pennsylvania courts have relied on similar arguments in refusing to enforce forum-selection clauses. *See, e.g., id.* (noting, *inter alia*, the importance of the expense of litigation in the chosen forum and that "[t]he forum selection clause was simply not an aspect of the agreement for which the parties bargained"); *see also Dileo v. Americorp Fin. Inc.*, No. 1401 of 1992, 1992 WL 675137, *2 (Pa. C.P. Oct. 15, 1992) (noting, *inter alia*, that it was "clear from the testimony that the plaintiff was not even aware of this [forum-selection] provision, and did not bargain for or consent to it"). However, this case is distinguishable.

While travel to Pennsylvania may be difficult for Crick, it will be more akin to the "mere inconvenience or additional expense" that is expressly "not the test of unreasonableness" in Pennsylvania than to the situation of the defendant in *Churchill*, for whom it would have been "more expensive to defend [the case] than to pay a default judgment solely because of the location" of the litigation. 578 A.2d at 536. Crick may have to use some of his limited vacation for the purpose of traveling to Pennsylvania, but his presence will probably not be required very frequently. Moreover, should the class be certified, his presence may be unnecessary if another class member is available.

Nor does the evidence available make clear that Crick was unaware of the clause when he signed the agreement, as was the case in *Dileo*, 1992 WL 675137 at *2. Crick does not specifically state whether or not he read and understood the clause and signed the agreement because he valued his employment as consideration for the sacrifice. He simply states that he was not given much time to read the agreement. While the Court will make reasonable inferences in Crick's favor, it will not assume evidence not in the record when Crick had ample opportunity to make that more specific statement in support of his argument.

5

Crick may not have realized at the time he signed his employment agreement the type of inconvenience it might one day cause him. But he did know that he was entering into an agreement with a Pennsylvania company, and that he would have to occasionally travel to Pennsylvania as a result. Unlike some defendants who are hauled into an inconvenient forum by plaintiffs, Crick chose to bring this cause of action and to file it in a forum contrary to the terms of an agreement he signed. Even under Pennsylvania law, which is somewhat sympathetic towards litigants who are currently hampered by prior promises, the default rule is to enforce forum-selection clauses. Crick has not made the requisite showing that litigating in Pennsylvania courts will prevent him from obtaining "substantial justice." *See Churchill Corp.*, 578 A.2d at 536.

Thus, Shire prevails on its defense under Rule 12(b)(3). However, the Court will not dismiss the case on that basis. As explained above, the Court may also simply transfer the case to the appropriate district court. In a case such as this, which is brought under federal law, and is not here on the basis of the Court's diversity jurisdiction, it seems reasonable to assume that Crick would choose to file in federal court in Pennsylvania, rather than state court. Therefore, rather than force Crick to simply refile his claim, and bear any related costs, the Court will, pursuant to the forum-selection clause, transfer the case to the Eastern District of Pennsylvania. If, for some reason, Crick would prefer to file in state court, he may dismiss his claim voluntarily and do so.

## CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion to transfer this case to the Eastern District of Pennsylvania.

IT IS SO ORDERED.

_8/22/11_
Dated

_Wm. J. Hibbler_
Hon. William J. Hibbler
United States District Court